In the Matter of ISIS FOODS, INC., Debtor.

John R. STONITSCH, Trustee in bankruptcy, Plaintiff,

v.

POCASSET FOOD SALES, INC., Defendant.

Bankruptcy No. 82–00209–3–11.
Adv. A. No. 83–1033–3–11.

United States Bankruptcy Court, W.D. Missouri, W.D.

Dec. 27, 1983.

William R. Jackson III, Jenkins & Flanigan, Kansas City, Mo., for plaintiff.

D. Kaye Summers, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

DENNIS J. STEWART, Bankruptcy Judge.

This court has previously issued on the date of December 2, 1983, its order granting the defendant's motion to reconsider a former judgment in favor of plaintiff and accordingly revising the judgment in favor of defendant. In that order, the court stated the following pertinent considerations:

"According to the relevant purchase order stipulated by the parties, the shipment was to be made 'F.O.B. St. Louis.' St. Louis was the destination of the shipment and the location of the debtor. This defines the place of delivery. 'The expression has been given such a fixed and definite interpretation that the ab-

sence of such word or symbol ('place of delivery') does not detract from the meaning hereinbefore given it. In fact, the highest court of New York ... held that 'F.O.B. San Francisco' governed the place of delivery, even though it appeared under the general heading, 'Price.' *Richter v. Zoccoli*, [8 N.J.Misc. 289] 150 A. 1, 2 (N.J.1930). Accordingly, *in the absence of agreement otherwise*, the 'F.O.B. term usually indicates the point at which delivery is to be made and will normally determine risk of loss.' *National Heater Co., Inc. v. Corrigan Co. Mech. Con., Inc.*, 482 F.2d 87, 90 (8th Cir.1973). '(A)n F.O.B. term must be read to indicate the point at which delivery is to be made unless there is a specific agreement otherwise and therefore it will normally determine risk of loss.' *Electric Regulator Corp. v. Sterling Extruder Corp.*, 280 F.Supp. 550, 557 (D.Conn.1968). In this case, where there was admittedly no agreement otherwise, the F.O.B. term makes of this shipping agreement a 'destination' type arrangement. *National Heater Co., Inc. v. Corrigan Co. Mech. Con., Inc.*, *supra*, at 90. The provisions of section 400.2–504, *supra*, relied upon by the plaintiff, are 'limited to 'shipment' contracts as contrasted with 'destination' contracts ...' Uniform Commercial Code Comment to section 400.2–504 RSMo. Accordingly, under the admissions now made by the plaintiff, the court can only conclude that there was no agreement otherwise than to deliver the goods to their destination and that this determined where the tender of delivery had to be under section 400.2–503(1) RSMo. in order to bring the duty to pay into existence under section 400.2–507 RSMo."

The plaintiff has now timely moved for reconsideration of that order and judgment, contending, in substance, that the court must consider the defendant's invoices as an integral part of the agreement between the parties; that the invoices contain a provision by means of which any liability for damage or loss in the course of shipment ("Our liability ceases upon delivery of merchandise to carrier."); and that this expression of intention was a later statement of intention of the parties' intent which contradicts, and therefore must prevail over, the prior statement of intent in the purchase order.[1]

■■■ As interpreted by this court and the authorities cited by this court in its previous order, however, the term "F.O.B. St. Louis" in the purchase order is clear and unequivocal in its importing a "destination" contract under which the duty to pay arises as of the terms of receipt of the shipment. Under the governing law, the defendant's making shipment in accordance with the terms of that purchase order constituted an acceptance of it and thereby converted its terms into those of a governing contract.[2] Any contrary or additional terms then unilaterally laid down by the defendant in its invoice could only become provisions of the contract if they were accepted by the debtor. And there is no showing in this case of such an acceptance,

---

**1.** More particularly, the movant relies upon section 2–207 of the Uniform Commercial Code, applying to "additional terms in acceptance or confirmation," which provides as follows:

"(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:

(a) The offer expressly limits acceptance to the terms of the offer;

(b) *they materially alter it;* or

(c) notification of objection to them has already been given within a reasonable time after notice of them is received." (Emphasis added.)

But, as is further noted in the text hereof and elsewhere, the new term proposes a material alteration—in view of the unequivocal significance to be given to "F.O.B. St. Louis" in the purchase order—to which assent by the debtor has not been shown by the facts presented in this action.

**2.** See, e.g., section 400.2–206 RSMo.

nor of a general practice which would warrant a finding of implied acceptance. "Unless the existence of a general mercantile practice is shown, the additional terms of the acceptance become part of the contract only when they are in turn accepted by the offeror." *School Dist. of Spg. v. Transamerica Ins. Co.*, 633 S.W.2d 238, 247 (Mo. App.1982). Thus, it must be concluded that the terms of the purchase order clearly prevail over those in the invoice. In fact, in cases involving the issue of whom the duty to pay arises, it has been generally held that the invoice is ordinarily not controlling, that "a debt is incurred when the debtor becomes obligated to pay for it, not when the creditor chooses to invoice the debtor for his work or goods." *Matter of Emerald Oil Co.*, 695 F.2d 833, 837 (5th Cir.1983).

■ Furthermore, even if it could be held that additional terms in the invoice became part of the contract between the parties, the term "F.O.B. St. Louis" is unequivocal in its meaning, according to the authorities cited above. And the term in the invoice which disclaims liability for the defendant after delivery to the carrier does not clearly negate the provision that, as between debtor and defendant, the defendant bore the responsibility for delivery of the goods and, in fact, had paid the freight charges thereof.[3]

It is therefore, accordingly,

ORDERED that plaintiff's motion for reconsideration be, and it is hereby denied.

---

**3.** Terms of a contract are ordinarily to be construed so that they harmonize with each other; under this or a like construction, in view of the unambiguous meaning to be attributed to the term "F.O.B. St. Louis" in the purchase order, the provisions of the invoice do not have to be held to negate the unequivocal term of the purchase order.