**Robert L. BUENGER, d/b/a Buenger Construction Company, d/b/a Buenger Leasing Company, Appellant (Defendant),**

v.

**Varco PRUDEN, Appellee (Plaintiff).**

**No. 85–176.**

Supreme Court of Wyoming.

Jan. 30, 1986.

Joseph E. Darrah, Powell, for appellant.

James M. Guill of Goppert, Day & Olson, Cody, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Through appeal by the purchaser, we consider the effect of F.O.B.-destination on the seller's responsibility for freight costs, and reverse the trial-court decision charging the buyer.

The issues raised by the appeal are the F.O.B.-destination effect on freight costs and prejudgment interest charged if a contested nonliquidated claim is involved in the litigation.

Appellant Robert L. Buenger (Buenger) entered into detailed purchase documents with appellee Varco Pruden, to purchase certain buildings for erection at jobsite by shipment from Evansville, Wisconsin, to Gillette, Wyoming. Controversy arose about the account status, with freight charges and prejudgment interest questions now coming to this court by appeal.

The agreement documents provided for F.O.B.-destination or F.O.B.-jobsite, and were then confirmed by seller by letter in explicit terms "Correction to my letter dat-

ed May 26, 1982. The referenced jobs will be shipped FOB destination."[1]

The trial court charged freight to Buenger as buyer, and by opinion letter stated:

"Defendant, in his Counterclaim, asserts that he is entitled to several credits. He points to the contract provision which states the buildings are to be delivered 'FOB jobsite' as supporting his claim to a credit for freight charges paid by him. Under the Uniform Commercial Code, FOB destination does not mean that the seller is agreeing to pay for freight costs, but merely that the seller is accepting the risk to the goods during shipment. W.S. § 34–21–236 (1977)."

We find § 34–21–236, W.S.1977 (U.C.C. § 2–319 (1964)) to be determinative in a contrary fashion to the trial-court decision:

"(a) Unless otherwise agreed the term F.O.B. (which means 'free on board') at a named place, even though used only in connection with the stated price, is a delivery term under which:

"(i) When the term is F.O.B. the place of shipment, the seller must at that place ship the goods in the manner provided in this article (section 2–504 [§ 34–21–252]) and bear the expense and risk of putting them into the possession of the carrier; or

"(ii) When the term is F.O.B. the place of destination, the seller must at his own expense and risk transport the goods to that place and there tender delivery of them in the manner provided in this article (section 2–503 [§ 34–21–251]); * * *."

*The Practical Lawyer's Glossary—"F.O. B.", The Practical Lawyer,* Vol. 31, No. 7, October 15, 1985, p. 56, summarizes the subject:

"When a shipment is to be F.O.B. ('free. on board') the place of shipment, the seller bears the expense and risk of put-

ting the goods into the carrier's possession, at which point, the risk of loss passes to the buyer.... If the shipment is to be F.O.B. the place of destination, then the shipment is at the seller's expense, and the risk of loss is on the seller until the goods are duly tendered to the buyer in accordance with U.C.C. section 2–503. R. HENSON, THE LAW OF SALES 65 (ALI–ABA, Philadelphia, 1985)"

Official comments are in accord. See U.C.C. § 2–319 (1964); 3 Anderson, Uniform Commercial Code, 3d ed., § 2–319:13.

■ In the terminology of the industry, the differentiation is between a destination or shipment contract. The agreement of the parties controlled by the designation used and this case is clearly a destination agreement whereby freight charges remain with seller. *In re Charles T. Stork & Co.,* 271 Fed. 279 (2 Cir.1921); *Sheffield Furnace Co. v. Hull Coal & Coke Co.,* 101 Ala. 446, 14 So. 672 (1894); *Belvedere Sand & Gravel Company v. Heath,* 259 Ark. 767, 536 S.W.2d 312 (1976), overruled on other grounds by *Foote's Dixie Dandy, Inc. v. McHenry,* 270 Ark. 816, 607 S.W.2d 323, 21 A.L.R.4th 565 (1980); *Droukas v. Divers Training Academy,* 375 Mass. 149, 376 N.E.2d 548, 24 U.C.C. Rep Serv 118 (1978); *Matter of Isis Foods, Inc.,* 38 B.R. 48, 38 U.C.C. Rep Serv 1134 (1983); *A.M. Knitwear Corp. v. All America Export-Import Corp.,* 20 U.C.C. Rep Serv 581 (1976); *Marmond Spring Co. v. Triangle Instrument Co., Inc.,* 4 U.C.C. Rep Serv 302 (1967).

Under the purchase documents, the seller, Varco Pruden, owed costs for freight to Gillette for the buildings, and amounts paid by Buenger to secure freight release upon delivery are chargeable by offset and counterclaim.

■ As a second issue, Buenger contests $215.10 of charged prejudgment interest.

---

1. Seller's exhibit showed: "f.o.b. trucks, jobsite, Gillette, Wyo." The purchaser's exhibits contained the same notations, with an invoice stating "JOBS ARE TO BE SHIPPED FREIGHT PREPAID." Apparently all freight was collected from Buenger at delivery, and exhibits show some credit memoranda for a portion of the total freight charge. The bill of lading form from Varco to Buenger contained a notation, "PLEASE BILL FREIGHT CHARGES TO: Varco Pruden," with a further blank space included as "Prepaid."

The freight credits apparently exceed the prior judgment entered, and consequently no basis for assessment of interest remains. The required liquidated indebtedness status does not exist. *State Highway Commission of Wyoming v. Brasel & Sims Construction Co., Inc.,* Wyo., 688 P.2d 871 (1984); *Rissler & McMurry Co. v. Atlantic Richfield Co.,* Wyo., 559 P.2d 25 (1977).

The decision of the trial court is reversed and remanded for entry of the judgment in accord with this opinion.

Reversed.