**Buddy C. BUENO, Appellant (Plaintiff),**

**v.**

**CF & I STEEL CORPORATION, a Colorado corporation, Appellee (Defendant).**

**No. 88–321.**

Supreme Court of Wyoming.

May 15, 1989.

Robert T. Moxley of Whitehead, Gage & Davidson, P.C., Cheyenne, for appellant.

Bruce A. Hellbaum of Jones, Jones, Vines & Hunkins, Wheatland, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

URBIGKIT, Justice.

This is an ERISA case which considers interest and attorney's fees following court mandated arbitration and subsequent award of pension benefits. We reverse and remand for award of prejudgment interest on the amount of excess health insurance premiums paid and on back pension payments from date of deemed retirement. Properly proved attorney's fees incurred by appellant are also allowed.

## FACTS

In 1980, appellant Buddy C. Bueno (Bueno) sustained a work related injury while employed by appellee CF & I Steel Corporation (CF & I) in its Sunrise Mine in northern Platte County, Wyoming. In February 1983, for a deemed date of retirement of July 10, 1982, Bueno applied for a "Permanent Incapacity Retirement" pension under a pension agreement which was a defined benefit plan under the Federal Employee Retirement Income Security Act, 29 U.S.C. § 1132 (ERISA).

The pension application was rejected by CF & I by statement dated April 7, 1983:

> This letter is notification that your application for a Permanent Incapacity Type Pension, effective February 28, 1983, has been DISAPPROVED by the General Pension Board.

> The basis for the DISAPPROVAL has been determined by the medical reports and findings of the physician who has examined you. It has been determined that you are not permanently incapacitated as defined in the Pension Plan of CF & I Steel Corporation.

No notice was included in the denial or otherwise of what right to appeal, if any, Bueno might have.[1] Employer sparring was continued by the assertion of various procedural defenses during the application process, and suit was finally instituted in early 1986 in state court to pursue benefit entitlement after direct efforts and administrative intervention through the Commissioner of Labor for the State of Wyoming remained unavailing.

On a motion for partial summary judgment, the district court determined that the litigation must wait for conclusion of the arbitration process provided in the ERISA plan. Complex negotiations followed resulting in the designation of the third or

---

1. See 29 U.S.C. § 1133 and Labor, 29 C.F.R. § 2560.503–1(f) (1987). The mine was closed, and the union was no longer active in the Sunrise, Wyoming area. After a delay with unso-

phisticated counsel, the present attorney was retained to investigate and proceed, which occurred with the initiation of correspondence to CF & I in June, 1984.

impartial doctor[2] who made a favorable decision to the pension claimant, Bueno, concluding:

Finally, based upon this evaluation, the past history data, and the review of the material provided on Mr. Buddy Bueno, it is my opinion that he was not capable of returning to work as a miner following his January, 1980 accident to his back, and is now not capable of returning to work as a miner.

With this favorable arbitration decision, the case becomes complicated. In a stipulation and joint statement of position filed September 26, 1988, it was agreed between the litigants that the basic liability had been established by arbitration to be retroactive to "his deemed date of retirement, July 10, 1982," but leaving two unresolved issues of interest and attorney's fees as stated in stipulation:

3. There remains in dispute, for adjudication via the Summary Judgment procedure, the issue of whether or not the Plaintiff is entitled to prejudgment interest on the liquidated amount on his back pension, to-wit: Fifty–One Thousand Two Hundred Fifty–One Dollars and Eighty–Four Cents ($51,251.84) as of August 10, 1988, and Seven Hundred Two Dollars and Eight Cents ($702.08) per month thereafter. The parties regard the issue of the right to interest, at the statutory rate of seven percent (7%), to be an issue of law.

4. The remaining disputed issues involve the right to attorneys fees or the appropriateness of an award of attorneys fees, under 29 USCS 1132(g). The parties would hereby submit these issues as issues of law to the court, in the context of summary judgment procedure and have agreed that they will make factual showings in the summary judgment procedure toward the end that these issues may be adjudicated without an evidentiary hearing.

Interest on excess payments of health insurance also remained in question.

Bueno supported the motion for award of attorney's fees pursuant to 29 U.S.C. § 1132(g) by affidavits of both attorney and client, which listed hours, hourly rates and a one-third contingent fee payment contract including reference to the federal lodestar doctrine. In resistance, CF & I claimed that Bueno's "delay in availing himself of the procedures outlined in the pension plan, in a timely manner, was a major cause in these parties not being able to reach agreement prior to the instigation of litigation."

Following hearing on Bueno's reasserted motion for summary judgment, the district court recognized a right to entitlement of back pension payments of $52,429.52 and a right to reimbursement for excess health insurance premiums.[3] The requests for interest and attorney's fees were taken under advisement and the district court, in a later decision letter, found first that the amount incurred was unliquidated so prejudgment interest could not be awarded, and:

This Court is without authority to award attorneys fees. It is true that defendant did not dispute the reasonable-

---

2. The provisions of the pension program provided:

Disputes as to Permanent Incapacity
7.2 If any difference shall arise between the Company and any participant as to whether such participant is or continues to be permanently incapacitated within the meaning of paragraph 2.5, such difference shall be resolved as follows:
The participant shall be examined by a physician appointed for the purpose by the Company and by a physician appointed for the purpose by a duly authorized representative of the International Union. If they shall disagree concerning whether the participant is permanently incapacitated, that question shall be submitted to a third physician selected by such two physicians. The medical opinion of the third physician, after examination of the participant and consultation with the other two physicians, shall decide such question. The fees and expenses of the third physician shall be shared equally by the Company and the Union.

3. The excess health insurance premiums were to be calculated by subtracting the amount of premiums CF & I would have charged for this insurance from the amount Bueno paid for this service. The parties stipulated that CF & I would have charged $4,084.50 and Bueno paid $10,613.26 as verified by both parties.

ness of same—on the obligation of defendant to pay same.

There is no provision in the arbitration requirements for attorneys fees. I find no culpability or bad faith on the part of defendant, nor do I find that defendant, in any way, impeded or attempted to derogate plaintiff's rights under the pension plan. As noted previously, the delay herein, which obviously was caused by plaintiff or his union, necessarily entailed legal efforts which arose solely from the delay itself—a spoilation of evidence, so to speak. In addition, there was no evidentiary material furnished to the Court upon which to determine that the attorneys fees were reasonable[.] *Jones Land & Livestock Co. v. Federal Land Bank of Omaha,* 733 P.2d 258, 265 (Wyo. 1987) states that there must be an evidentiary hearing in order to make a determination that the attorneys fees are reasonable. See also *Albrecht et ux. v. Zwaanshoek Holding et al.,* [762 P.2d 1174 (Wyo.1988)] (case #87-136, decided 9-20-88).

A motion for new trial or reconsideration of the denial of prejudgment interest, attorney's fees and for an evidentiary hearing was made pursuant to W.R.C.P. 59(a)(1), (6), and (8). That motion was denied and this appeal followed.

## INTEREST

When no contractual rate is otherwise provided and the judgment amount constitutes a liquidated sum, the statutory rate of interest should be imposed. *Miles v. CEC Homes, Inc.,* 753 P.2d 1021, 1028 (Wyo.1988). Consequently, we reverse and remand for computation of interest at the statutory rate of seven percent on pension benefits included within the total amount of $52,429.52 and excess insurance premiums from the date payment was due until paid at an uncompounded rate of seven percent. W.S. 40–14–106(e). See application of the statute in *O's Gold Seed Co. v. United Agri–Products Financial Services, Inc.,* 761 P.2d 673, 677 (Wyo.1988).

▪ Determination of interest is a matter of mathematical computation as was the computation of the amount due itself. Mathematical computability is the criterium for a liquidated claim. See *Frieden Const., Inc. v. Lower & Co.,* 766 P.2d 527, 530 (Wyo.1988); *Horseshoe Estates v. 2M Co., Inc.,* 713 P.2d 776, 781 (Wyo.1986); *Holst v. Guynn,* 696 P.2d 632, 635 (Wyo. 1985); *Mountain Fuel Supply Co. v. Central Engineering & Equipment Co.,* 611 P.2d 863, 872 (Wyo.1980); *Laramie Rivers Co. v. Pioneer Canal Co.,* 565 P.2d 1241, 1245 (Wyo.1977); and *Rissler & McMurry Co. v. Atlantic Richfield Co.,* 559 P.2d 25, 32 (Wyo.1977). Cf. *Buenger v. Pruden,* 713 P.2d 771, 773 (Wyo.1986). CF & I was put on notice of demand by the February 1983 pension application with the deemed retirement date agreed upon by all parties as July 10, 1982. See *Northern Gas Co. v. Town of Sinclair,* 592 P.2d 1138, 1143 (Wyo.1979) and *Rissler & McMurry Co.,* 559 P.2d at 34. Cf. *Holst,* 696 P.2d at 636.

▪ The district court committed an error of law in improvidently considering that a liability controversy creates an unliquidated amount. A dispute as to liability does not make the claim unliquidated. See *Northern Gas Co.,* 592 P.2d at 1143; *Laramie Rivers Co.,* 565 P.2d at 1245; and *Rissler & McMurry Co.,* 559 P.2d at 33. The amount of benefits was determinable and established by contractual agreement and was liquidated in amount. Interest on each installment should be added for the time that the nonpayment continued at a seven percent statutory annual rate. See *Goodwin v. Upper Crust of Wyoming, Inc.,* 624 P.2d 1192, 1198 (Wyo.1981).

## ATTORNEY'S FEES

▪ The volume of case law on ERISA attorney's fees as part of the larger field of rights created by federal statutes for attorney's fees is almost measureless. See *UNC Teton Exploration Drilling, Inc. v. Peyton,* 774 P.2d 584, 593 n. 6 (Wyo.1989), as demonstrable of the general amount of litigation in the ERISA field alone. That federal benefit statute, 29 U.S. C. § 1132(g), provides for the successful beneficiary claimant's right to attorney's fees. The conclusion of the district court that it was legally without authority to award attorney's fees was erroneous. This court considered the subject of attorney's

fees in detail in *UNC Teton Exploration Drilling, Inc.*, 774 P.2d 584, by recognizing that (1) the right to fees is definable as a matter of federal law; (2) bad faith of the pension program administration is not a criterion for an award; and (3) an abuse of discretion is invoked in the case where the beneficiary is successful in securing benefits unless the court by detailed findings demonstrates a reasoned basis for denial. Neither that finding nor supporting evidence is presented by this record since no basis to deny is explained. The claimant made whole concept and effective access to the judicial process purpose established by the statute are applicable and particularly so where significant benefits, as in this case, are obtained. *UNC Teton Exploration Drilling, Inc.*, 774 P.2d 584; *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344 (8th Cir.1980). The significant success thesis clearly mandated by the United States Supreme Court for civil rights cases, 42 U.S.C. § 1988, is equally applicable to the ERISA statute applied here. *Texas State Teachers v. Garland Indp. School D.*, — U.S. ——, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). In *UNC Teton Exploration Drilling, Inc.*, this court further determined that the amount to be awarded was established by state law with the basic starting point from a lodestar computation of detailed time and stated hourly rate with adjustments to be made where determined to be appropriate within the district court's exercised discretion.

This case is remanded to the district court to award statutory interest and hold a hearing as may be desired by the litigants to determine an appropriate award of attorney's fees for Bueno. Bueno is entitled to an award of appellate attorney's fees which may be considered by this court if appropriate application is made before the mandate issues. *NL Industries, Inc. v. Dill,* 769 P.2d 920 (Wyo.1989).

Reversed and remanded.