**Dennis William BOWKER,
Appellant (Defendant),**

v.

**Charlotte Joyce BOWKER,
Appellee (Plaintiff).**

**No. 89–284.**

Supreme Court of Wyoming.

Aug. 22, 1990.

---

Dallas J. Laird, Casper, for appellant.

William D. Omohundro and Randall T. Cox, Omohundro & Palmerlee, Buffalo, for appellee.

Before CARDINE, C.J.,* and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

THOMAS, Justice.

The essential question in this appeal is whether the trial court appropriately exercised discretion in connection with the management of post-decree proceedings in a divorce case. The wife instituted those proceedings by seeking a contempt order because of the alleged failure of the husband to comply with the provisions of the divorce decree. The issues resolved by the trial court and re-presented in this appeal are whether the husband was in arrears on his alimony payments; whether the husband was entitled to have the alimony pay-

---

* Chief Justice at time of expedited conference.

ments reduced because of a change in circumstances; and whether the requirement for alimony had been satisfied by the fact that the wife's adjudicated interest in the husband's retirement plan had been set over to her as her separate property. The district court ruled that the husband had not satisfied the alimony payments that had accrued as of the time of the hearing; that there was no change of circumstances to justify a change in the amount of monthly alimony; and that the alimony payments should continue because the retirement fund set over to the wife was not currently available to her. These rulings are assigned to the discretion of the district court and affirmed since we can discern nothing in the record to demonstrate an abuse of discretion.

Appellant, Dennis William Bowker (husband), raises these issues:

"A. Whether or not the appellant had fully paid the appellee all the alimony payments that were due and owing to her as a result of the property settlement agreement and divorce decree?

"B. Whether or not the appellant demonstrated a sufficient change of circumstances to require the district court to amend the alimony payments herein?

"C. Whether or not the alimony payments required to be paid to the appellee should be terminated due to the fact that her portion of the appellant's retirement plan had been set over and distributed to her?"

Appellee, Charlotte Joyce Bowker (wife), provides this statement of the issues:

"Appellant states the first issue as follows:

"A. Whether or not the appellant had fully paid the appellee all the alimony payments that were due and owing to her as a result of the property settlement agreement and divorce decree?

"*Appellee* restates this issue as follows:

"A.1. Whether the Appellant failed to make alimony payments of $300 per month as set forth in the Property Settlement Agreement and Decree of Divorce.

"A.2. Whether the trial court's findings are supported by substantial evidence.

"Appellant states the second issue as follows:

"B. Whether or not the appellant demonstrated a sufficient change of circumstances to require the district court to amend the alimony payments herein?

"Appellant states the third issue as follows:

"C. Whether or not the alimony payments required to be paid to the appellee should be terminated due to the fact that her portion of the appellant's retirement plan had been set over and distributed to her?

"*Appellee* restates this issue as follows:

"C. Whether the segregation of retirement benefits, payable upon death or retirement of the appellant, into a separate account for appellee, constitutes a distribution of funds to the appellee, thereby relieving the appellant of future obligations to pay alimony.

"*Appellee* states a further issue:

"D. Whether the appellee is entitled to payment by the appellant of her attorneys fees and expenses and costs incurred in this appeal."

The Bowkers' marriage was dissolved by a decree of divorce entered on October 13, 1987. Of particular importance to this appeal is the provision of the decree which requires the husband to pay the wife alimony, subject to a condition subsequent:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant [husband] shall pay to the plaintiff [wife] the sum of three hundred dollars ($300.00) per month starting immediately and continuing until the sums held in the True companies Employees Profit Sharing Trust for the plaintiff are distributed to her. When those funds are received in full by the plaintiff, she will pay back to the defendant the sum of all payments she had previously received pursuant to this paragraph."

Another provision of the divorce decree set over to the wife the sum of $45,000 as her share of the husband's profit sharing plan.

In October, 1989, the wife filed a petition seeking a contempt order and alleging that the husband was in arrears in his alimony payments in the amount of $3,150. She also sought payment of her attorney fees incurred in enforcing her right to the alimony payments. The husband answered the petition and asserted that he had already paid the wife the amounts due as alimony; that he was no longer obligated to pay alimony because the wife's share of his profit sharing plan had been set aside in her name and, therefore, "distributed" to her; that there had occurred a substantial change of circumstances justifying modification of the amount of alimony the husband should be required to pay the wife; that the provisions of the divorce decree were "ambiguous, unfair and oppressive"; and that the wife should be required to pay his attorney fees.

Arguing his first issue, the husband contends that the district court erroneously failed to credit toward the alimony payments due his wife certain items that he alleges he furnished to her or paid on her behalf. The husband asserts that, for fifteen months, the wife used a mobile home space that was provided to him by his employer. It is his contention that the value of the use of that space, $300 per month for fifteen months totaling $4,500, should be credited toward alimony payments. The husband also asserts entitlement to a credit on the alimony obligation because he furnished his wife with a television set that he valued at $520. In addition, he claims a credit for $1,500 in payments that he made for a car that was charged by the wife on his credit card. This vehicle actually was furnished to the parties' adult daughter.

 The husband requested specific findings of fact by the district court, and that court, in making those findings, ruled that the husband was not entitled to have those items described above credited against his alimony payments. When there is an issue as to whether there is sufficient evidence to support a determination by a trial court, we uphold the judgment if there is any evidence to support the finding and, in doing so, we examine only the evidence submitted by the prevailing party and give to it every favorable inference that may be drawn therefrom, without considering any contrary evidence. *Hance v. Straatsma*, 721 P.2d 575 (Wyo.1986); *Broyles v. Broyles*, 711 P.2d 1119 (Wyo.1985). The husband argues that the record will not support the findings of the district court but, in reaching his conclusion, he does not correctly interpret the record.

 The wife testified that the husband also lived in the mobile home for all, or part, of the months of October, November, and December of 1987 and, in fact, did not vacate the premises until January 28, 1988, which was the day prior to the day the wife expected the husband to remarry her. During the months that he lived with her, the wife cooked, cleaned, and provided other household services on behalf of the husband. The evidence of record establishes that the mobile home space was a fringe benefit of the husband's job and that he did not have to pay any consideration for it. Conceding this latter point, the husband claimed that his salary was reduced commensurately because of the mobile home rental space, but exhibits in the record demonstrate that his salary remained the same both before and after the mobile home space was provided to him by his employer. The wife testified that, after she vacated that mobile home space, she rented an equivalent mobile home site for $150 per month.

 The husband asserts that the evidence is undisputed that he gave the wife the television set. The wife's testimony, however, was that the husband bought the television set while he was living with her and that she still considered it to be his. She testified that he had never claimed it. It is clear that the wife did charge $1,500 on the husband's credit card for an automobile, but the car was conveyed to the daughter of the parties, not to the wife. We conclude that the evidence is ample to sustain the finding of the district court that

the husband is not entitled to have credited against his alimony obligation any of these disputed "payments" to his wife. In light of the adequacy of the record to support the finding of the district court, we can ascribe no abuse of discretion to its ruling with respect to credit for alimony payments.

In arguing his second issue, the husband points to matters that he contends constitute a substantial change in circumstances, the effect of which was to require the district court to reduce his alimony obligation. The change in circumstances that he relies upon is that, while he previously received a housing allowance, i.e., the free mobile home space, he is no longer receiving that employment benefit. Even if we were to count this as a substantial change in circumstances, our rule is that modification of an alimony provision rests in the sound discretion of the trial court, and it will be disturbed on appeal only upon a showing of a clear abuse of that discretion. *Dorr v. Newman*, 785 P.2d 1172 (Wyo.1990). We can only conclude that there is no abuse of discretion present here with respect to the district court's finding of a change in circumstances. We note that the wife had vacated the mobile home space furnished to the husband, and no reason appears from the record as to why he could not take advantage of it. If that adjustment were to be perceived as a change in circumstances, it was not one that would justify the reduction of the alimony obligation.

As his last issue, the husband contends that the wife received her portion of his profit sharing plan and, under the clause in the decree, he no longer should be required to pay alimony to her. We are in complete accord with the conclusion of the district court that the disputed provision in the decree was written inartfully and results in an ambiguity. However, it is clear from all of the surrounding circumstances that the purpose of the award of alimony was to provide the wife with money to live on until she actually began to receive the funds set aside to her by the division of the profit sharing plan. There is no question

that the sum of $45,000 was set aside for her from that account, but she will not receive it until the husband either retires from his employment or dies. The district court's resolution of the alimony issue is consistent with the mutual intent of the parties manifested at the time the decree was finalized, i.e., the husband was not to be relieved of the alimony payments until the wife began to receive money from the profit sharing plan. The paper award of her portion of the retirement account does not suffice. There was no abuse of discretion in this ruling by the trial court.

As a final matter, we note that the Property Settlement to which the parties agreed was referred to, and relied upon, by the court in the decree of divorce which provided, in part, that a party who failed to perform an obligation imposed by the agreement would be "responsible for the payment of all attorney's fees, costs and expenses incurred by the other party as a result of such failure or default." The initiation of this post-decree proceeding was caused by the husband's failure to perform his obligations under the Property Settlement. In the trial court and in this court, the husband failed to demonstrate any justification for his conduct and, in the absence of such justification, we would agree with the wife that there was no reasonable cause for the husband's appeal and it was without merit. Consequently, we should enforce the provision of the Property Settlement in favor of the wife, and we award to the wife her reasonable "attorney's fees, costs and expenses" of this appeal. Counsel for the wife is instructed to provide this court with appropriate documentation upon which a determination of reasonable attorney fees and costs can be assessed.

We affirm the order of the district court in all respects and award attorney fees and costs to the wife.