TOWN OF UPTON, Wyoming; Robert Oliver, in his official capacity as Mayor of the Town of Upton; Tom Barritt, Lucy McKenzie, Jennifer Silbaugh and Joseph Haynes, in their official capacities as members of the Town Council of the Town of Upton, Wyoming, Appellants (Defendants),

v.

Leonard WHISLER, Appellee (Plaintiff).

No. 90–278.

Supreme Court of Wyoming.

Jan. 10, 1992.

Donald B. Hansen, Hansen & Peck, Newcastle, for appellants.

Kennard F. Nelson, Kirkwood & Nelson, Laramie, for appellee.

Before URBIGKIT, C.J., THOMAS, CARDINE and GOLDEN, JJ., and HANSCUM, District Judge.

THOMAS, Justice.

There are two primary issues to be resolved in this case involving the discharge of Leonard Whisler (Whisler) from the appointive office of municipal judge by the Town of Upton (Upton). The first question is whether Whisler had the requisite property interest in the office of municipal judge so that he enjoyed a constitutional right to be afforded due process of law prior to discharge from that office. Specifically, the due process right would relate to the opportunity for a pre-termination hearing that was not conducted in this case. The second question to be resolved, assuming that there was a denial of a constitutional right enjoyed by Whisler, is whether he can maintain, pursuant to 42 U.S.C. § 1983, an action to recover damages for injuries that he suffered, including emotional distress. The district court ruled, as a matter of law, that Whisler was possessed of the requisite property right in the office of municipal judge so as to entitle him to due process of law. In a trial to a jury, the verdict disclosed the jury's finding that Upton had good cause to discharge Whisler, but it did find damages for emotional distress in favor of Whisler because of the denial of his right to due process. We agree with the ruling of the district court with respect to the possession of property right as a matter of law, and we affirm the judgment in Whisler's favor based upon the verdict of the jury. In response to the request by Whisler, we also rule that Whisler is entitled to attorney fees and costs in connection with this appeal.

Upton presents these issues in its Brief of Appellant:

"1. Did appellee [Whisler] have a property right in his position as municipal judge of the Town of Upton, Wyoming?
2. Did appellee prove that he suffered emotional distress as a direct result of the failure of appellants to provide notice and opportunity for a hearing?"

Whisler articulates the issues in this way, including his claim for attorney fees and costs with respect to the appeal:

"A. Leonard Whisler possessed a property right in his employment by virtue of W.S. § 5–6–104.
"B. There is sufficient evidence to support the jury's award of emotional damages.
"C. Attorney's fees and the costs of this appeal should be awarded to appellee."

By a Reply Brief, Upton contends that Whisler is not entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988 for defending the appeal. Upton's position is that any award of attorney fees has to be governed by Rule 10.05., W.R.A.P.

The record demonstrates that Whisler began working for Upton on June 1, 1959, as its sole police officer, and he eventually was promoted to the office of chief of police. Early in 1984, Whisler retired as the chief of police, and he then was appointed the municipal judge effective April 1, 1984. He was reappointed to the office of municipal judge early in January of 1985 and, again, early in January of 1986. In late June of 1986, Whisler was discharged from the office of municipal judge for Upton.

Whisler's discharge, in part, was prompted by a criminal charge that was lodged against him on June 26, 1986 for official misconduct in violation of § 6–5–107, W.S. 1977 (June 1983 Repl.).[1] The essence of

---

1. Section 6–5–107, W.S.1977 (June 1983 Repl.), provides:

 "(a) A public servant or public officer commits a misdemeanor punishable by a fine of not more than five thousand dollars ($5,000.00), if, with intent to obtain a pecuniary benefit or maliciously to cause harm to another, he knowingly:

 "(i) Commits an unauthorized act relating to his official duties:
 "(ii) Refrains from performing a duty imposed upon him by law: or
 "(iii) Violates any statute relating to his official duties.
 "(b) A public officer commits a misdemeanor punishable by a fine of not more than seven hundred fifty dollars ($750.00) if he intention-

this charge against Whisler is that he had accepted a bribe of $350 to dismiss a charge of driving while under the influence of intoxicating liquor. Whisler did not deny that he had received the $350, but his position was that he received it as a bond on a charge of exhibition driving. In any event, the $350 was not accounted for. At his preliminary hearing, the criminal charge against Whisler was dismissed for the reason that there was not sufficient evidence that a crime had been committed or that Whisler had committed it. In its order, the court stated that the money, as likely as not, was lost in the "quagmire of ineptness" in the record-keeping policies of the Upton Police Department and the Upton Municipal Court.

On June 7, 1988, Whisler filed a complaint in which he claimed that he had been improperly discharged from the office of municipal judge. The complaint sounded in tort for deprivation of constitutional rights protected by 42 U.S.C. § 1983. In the complaint, Whisler alleged that Upton, its elected mayor, and the members of its town council deprived him of a liberty interest in his good reputation, as well as a property interest in the office of municipal judge. Whisler asserted that, in accomplishing the discharge, the defendants denied him due process of law because they capriciously, and without a hearing, discharged him from that office. He further claimed that the discharge was a breach of his contract of employment; a breach of a covenant of good faith and fair dealing; and a violation of public policy. He sought damages as a remedy and also sought to recover his costs and attorney fees pursuant to 42 U.S.C. § 1988. Upton filed a counterclaim, pursuant to which it attempted to recover $430 from Whisler representing money that he had received during the time he served as chief of police, but for which he had not accounted to Upton. Cross-motions for summary judgment were filed, and the district court ruled that Whisler was entitled to summary judgment on his claim of deprivation of a property right without due process of law and that Upton

was entitled to summary judgment on all other claims made by Whisler. The scheduled trial in the district court then was to address the remaining issue of Whisler's damages.

The parties agreed that Whisler had lost $2,205 in salary, if he was entitled to recover, because he was removed without a hearing, and that amount was entered upon the verdict by the trial judge. The jury then determined that Upton had good cause to remove Whisler as municipal judge and, therefore, he was not entitled to any damages for his removal. The jury did decide, however, that Whisler had suffered emotional distress as a result of Upton's failure to furnish him with notice and a hearing before removing him from office, and that the resulting damages to Whisler amounted to $17,640. This appeal is taken from the summary judgment granted Whisler by the district court and the judgment entered upon the jury's verdict for damages.

The first issue concerns the correctness of the decision of the district court that Whisler was deprived of a property right without due process of law. The parties present two statutes which they claim, respectively, are dispositive of this case. Whisler relies upon Section 5–6–104, W.S. 1977 (1991 Cum.Supp.), and argues that this statute establishes his property interest in the office of municipal judge. That statute reads as follows:

"§ 5–6–104. **Term of office; compensation.**

"The terms of municipal judges shall be the same as the terms of other appointed officers of the city or town, unless earlier removed for good cause as provided by law. Compensation shall be prescribed by ordinance of the city or town."

Upton, for its position, relies upon Section 15–2–102, W.S.1977 (1991 Cum.Supp.), which it argues impliedly repealed Section 5–6–104, W.S.1977. Section 15–2–102 provides:

"§ 15–2–102. **Officers; election, appointment and removal; conditions for appointive office or position.**

ally fails to perform a duty in the manner and within the time prescribed by law."

"(a) The officers of a town are a mayor and four (4) councilmen, all of whom shall be elected. The clerk, treasurer, marshal, attorney, municipal judge and department heads as specified by ordinance shall be appointed by the mayor with the consent of the governing body and may be removed by the mayor. All other appointments, except the appointment of members of a board or commission, and removals shall be made by the mayor without consent of the governing body, unless consent is required by separate statute. The governing body shall determine the method of appointing members of a board or commission, unless the method of appointing such members is specified by separate statute.

"(b) The governing body, by ordinance or resolution, may specify conditions for any office or position to which a person is appointed under this section including:

"(i) Level or range of salary;

"(ii) A description of the duties and responsibilities of the office or position;

"(iii) Term of appointment;

"(iv) Requirements for:

"(A) Promotion;

"(B) Suspension; and

"(C) Hearing of appeals from decisions of the mayor to remove or discharge an appointee other than members of a board or commission, after which the governing body may affirm, modify or reverse the mayor's decision; and

"(v) Other matters which are part of the personnel policies of the town.

Although the jury was instructed by the district court that the court already had determined that Whisler was entitled to notice of the cause asserted for discharge and an opportunity to rebut the claimed cause prior to dismissal, a pre-termination hearing, the jury also was instructed on the provisions of Section 5–6–104. That instruction related to the question of whether there was, in fact, cause for discharge. The jury found as a fact that cause for discharge was established and, consequently, with respect to the issues presented in this appeal, the only factual determination the jury was called to make was whether Whisler suffered damages in the form of emotional distress because of the failure of Upton to afford him a pre-termination hearing.

It is clear that, in reaching its determination that Whisler had a right in the office of municipal judge, the district court did rely upon Section 5–6–104. While we do not discount the import of the statute in the context of a property right, we are satisfied that Whisler's property right in the office of municipal judge is identifiable because of the term established in the statute. Whisler was appointed to serve for a year (the statute provides that the terms of municipal judges shall be the same as the terms of other appointed officers of the city or town), and the law recognizes a property right in a position that has a one-year tenure. For purposes of this case, there is then a federal constitutional right to due process of law that demands notice of the cause and a hearing on the existence of the cause prior to termination of the appointment to the office. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). *See* 4 Eugene McQuillen, *The Law of Municipal Corporations*, § 12.255 (3rd ed. 1985, 1990 Cum.Supp.).

Our rule of law is that implied repeal of statutes is not favored. *McGuire v. McGuire*, 608 P.2d 1278 (Wyo.1980). For that reason, we would be extremely reluctant to adopt Upton's argument that Section 5–6–104 has been impliedly repealed. Furthermore, the outcome of this case would not be affected even if we so held. In our view, Section 5–6–104 articulates a policy that the judiciary, including municipal judges, is entitled to a degree of insulation from encroachment by the executive branch upon judicial independence. In the instance of the municipal judge, that requisite degree of insulation is articulated in the statutory provision, *i.e.*, there must be cause for removal during a term of office. The requirement for a pre-termination hearing is a function of constitutional law and is not necessarily a product of the

statute. Our holding that the district court was correct in determining that Whisler had a property interest in the office of municipal judge does not depend upon the language of the statute, and it then follows that the due process clause of the Constitution of the United States requires that Whisler, or any other municipal judge, must be afforded a pre-termination hearing opportunity. That opportunity must include notice and a hearing. It is not as an afterthought, but in confirmation of this principle, that we point out that Article 1, Section 6 of the Constitution of the State of Wyoming would afford equivalent protection to Whisler.

 We turn to the sufficiency of the evidence to sustain the award of damages, in the light of our conclusion that Whisler was deprived of a property right without due process of law. The contention of Upton is that the evidence simply was not sufficient to establish that the emotional distress experienced by Whisler was caused by Upton's failure to provide him with notice of the cause for discharge and an opportunity for a hearing prior to discharge. More than ten years ago, this court recognized the proposition that a plaintiff may recover for emotional distress, embarrassment, and humiliation once a constitutional violation is established pursuant to 42 U.S.C. § 1983. *Board of Trustees of Weston County School District No. 1 v. Holso,* 584 P.2d 1009, *reh'g denied* 587 P.2d 203 (Wyo.1978). In *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the Supreme Court of the United States explained more completely the nature of such damages in the context of 42 U.S.C. § 1983. After rejecting the proposition that damages for violations of procedural due process rights should be available, even absent any proof that injury actually was caused, the court there said:

> "Finally, we foresee no particular difficulty in producing evidence that mental and emotional distress actually was caused by the denial of procedural due process itself. Distress is a personal injury familiar to the law, customarily proved by showing the nature and circumstances of the wrong and its effect

on the plaintiff.[20] In sum, then, although mental and emotional distress caused by the denial of procedural due process itself is compensable under § 1983, we hold that neither the likelihood of such injury nor the difficulty of proving it is so great as to justify awarding compensatory damages without proof that such injury actually was caused.

---

"[20.] We use the term 'distress' to include mental suffering or emotional anguish. Although essentially subjective, genuine injury in this respect may be evidenced by one's conduct and observed by others. Juries may be guided by appropriate instructions, and an award of damages must be supported by competent evidence concerning the injury. See *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350 [94 S.Ct. 2997, 3012, 41 L.Ed.2d 789] (1974)." *Carey,* 435 U.S. at 263–64, 98 S.Ct. at 1052–53.

In this case, the jury was properly and clearly instructed on the task it was required to perform with respect to damages. We excerpt the following from the instructions of the court.

### "INSTRUCTION NO. 5

\* \* \* \* \* \*

"In this suit Mr. Whisler claims he was improperly terminated in that 1) proper procedures were not followed, and 2) there was insufficient cause. He claims he suffered financial loss and emotional distress as a result of his termination and seeks damages from the defendants. "The Court has previously decided that, under the law, Mr. Whisler was entitled to notice of the reasons for his dismissal and an opportunity to rebut the allegations against him and to present his side before he was finally terminated. Since no hearing was afforded, the procedure employed was deficient. The Court's ruling that proper procedures were not employed does not suggest that Mr. Whisler suffered compensable damage because of procedural deficiencies; that issue is for the jury to decide in accordance with these instructions.

\* \* \* \* \* \*

"You must decide whether there was sufficient cause to discharge Mr. Whisler

and, if not, the extent and amount of compensable damages, if any, which have been proved. If you decide there was good cause for his discharge you must then decide the extent and amount of compensable damages, if any, which have been proved to be a direct result of the failure of the defendants to provide notice and an opportunity for a hearing.

### "INSTRUCTION NO. 6

"Plaintiff must prove it more likely than not likely that he suffered emotional distress due to the actions of the Defendants.

"The defendants must prove it is more likely than not likely that good cause existed to remove plaintiff as municipal judge.

### "INSTRUCTION NO. 10

"The parties have stipulated that Plaintiff earned $367.50 per month as municipal judge of the Town of Upton, and that Plaintiff's term of office would have ended in January, 1987, if he had not been removed as municipal judge on July 1, 1986. The parties agree that Plaintiff would have earned $2,205.00 between July 1, 1986, and January, 1987, if he had not been removed. This Court has already ruled that Plaintiff's procedural due process rights were violated because he had no hearing upon his removal as municipal judge. Because Plaintiff's procedural due process rights were violated, you shall award Plaintiff actual damages in the amount of $2,205.00. This amount of damages has been inserted on the verdict form.

### "INSTRUCTION NO. 11

"If you find that plaintiff suffered emotional distress as a result of the defendants' actions, you may award monetary compensation for those damages.

"No definite standard or method of calculation is prescribed by law to determine reasonable compensation for emotional distress, nor is the opinion of a witness required as to a proper amount.

In fixing damages for emotional distress, you must exercise your discretion with calm and reasonable judgment.

"Damages must be reasonable. If you should find that the Plaintiff is entitled to damages, you may award him only such damages as will reasonably compensate him for such damage as you find, from a greater weight of the evidence, he has sustained or will sustain as a direct result of defendants' acts.

"You are not permitted to award speculative damages. You are not to include compensation for any prospective damages which, although possible, are not reasonably certain to occur in the future."

Comparison of pattern jury instructions that have been developed by the federal court for use in circumstances such as those presented in this case supports our conclusion that the instructions were proper. For example:

### "Instruction 87-87

### "Compensatory Damages

"Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendant should be held liable.

"If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

"If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant.

"You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of section 1983. That is, you may not simply award actual damages for any injury suffered by

plaintiff—you must award actual damages only for those injuries that are a direct result of actions of this defendant and that are a direct result of conduct by defendant which violated plaintiff's federal rights under color of law.

"Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

### "Instruction 87–89

### "Causation and Damages

"I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by the defendant in violation of section 1983. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that the defendant deprived the plaintiff of his rights in violation of section 1983, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that he claims to have suffered.

"(The defendant may avoid damages if he can show that, even absent the deprivation of procedural due process alleged by the plaintiff, he, the defendant, would have reached the same decision with regard to the plaintiff and, therefore, that, even absent deprivation of procedural due process alleged by the plaintiff, the plaintiff would have suffered the same harm. The burden is on the defendant to prove that he would have reached the same decision, and, in proving it, he must show that he would reach the same decision at the time of the violation of the plaintiff's rights; the defendant may not rely upon factors discovered by him after the decision was made to prove that he would have reached the same decision at the time of the violation.)

"(If you find that the damages suffered by the plaintiff were partly the result of conduct by the defendant that was legal and partly the result of conduct by him that was illegal, you must apportion the damages between the legal and the illegal conduct—that is, you must assess the relative importance of the legal and the illegal conduct and allocate the damages accordingly.)" 4 L. Sand, et al., *Modern Federal Jury Instructions,* § 87.03, 87–210.1, 87–212.4 (1991).

A definition of emotional distress that justifies the submission of this issue to the jury can be found in 2 *California Jury Instructions—Civil,* BAJI No. 12.72 (1989 Revision) (7th ed.) (July 1991 Pocket Part). That definition reads as follows:

"The term 'emotional distress' means mental distress, mental suffering or mental anguish. It includes all highly unpleasant mental reactions, such as fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, as well as physical pain."

It well may be true that the evidence in this case is minimal. We hold, however, that it was sufficient to justify the jury in reaching a proper inference that the emotional distress was, at least in part, attributable to the discharge of Whisler from the office of municipal judge without notice or hearing with respect to the asserted cause for discharge. He was denied that opportunity to clear his name before the discharge was effected. Summarized, the evidence in this case is quite similar to the evidence alluded to in *Carey,* 435 U.S. 247, 98 S.Ct. 1042. Whisler, and those witnesses who testified in support of his claim, reported to the jury the sorts of things that commonly are understood to be emotional distress (like the emotional distress defined in the California pattern jury instruction quoted above). They told the jury about depression, embarrassment, dejection, and humiliation. Whisler's testimony, as well as that of his wife, tied these manifestations of emotional distress to the failure of Upton to provide notice and a hearing. Essentially, Whisler and his wife testified that Whisler believed the people of Upton simply concluded he was guilty of the charges lodged against him since he never had the opportunity to articulate his ver-

sion of these events in an appropriate and constitutionally demanded forum.

 Turning then to the matter of attorney fees and costs, 42 U.S.C. § 1988 provides that Whisler is entitled to attorney fees and costs, within the sound discretion of the district court, for the proceedings in that court. In considering the claim for attorney fees, the district court appropriately would be guided by the propositions that the statutory provision should be given a liberal interpretation to effectuate its salutary purposes and a prevailing plaintiff ordinarily should be awarded compensating attorney fees unless special circumstances would render the award unjust. *Bueno v. CF & I Steel Corporation,* 773 P.2d 937 (Wyo.1989); *State ex. rel. Scholl v. Anselmi,* 640 P.2d 746 (Wyo.1982), *appeal dismissed, cert. denied* 459 U.S. 805, 103 S.Ct. 28, 74 L.Ed.2d 43 (1982); *Holso,* 584 P.2d 1009; Annotation, *Construction and Application of Civil Rights Attorney's Fees Awards Act of 1976 (Amending 42 USCS § 1988), Providing That Court May Allow Prevailing Party, Other Than United States, Reasonable Attorney's Fee In Certain Civil Rights Actions,* 43 A.L.R.Fed. 243 (1979). In determining the reasonableness of that award, the district court will be guided by our Wyoming precedents. *See, e.g., Delgado v. Delgado,* 773 P.2d 446 (Wyo.1989). Furthermore, we hold that Whisler also is entitled to an award of attorney fees and costs in connection with this appeal.

The judgment of the district court is affirmed in all respects, and the case is remanded to the district court for a determination of the amount of a reasonable attorney fee to be awarded according to the statute. With respect to attorney fees and costs in this court, the court will consider that entitlement after a timely filing (which we conclude should be made within fifteen days from the date of this opinion) of an appropriate application by Whisler. That application should present the same sort of evidence and documentation as would be required in the district court for an award of attorney fees. *See Delgado.*

*Bowker v. Bowker,* 795 P.2d 1215 (Wyo. 1990); *Bueno,* 773 P.2d 937.