986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ROCK SPRINGS ASSOC., a New York General Partnership;
Richard Chwatt, a General Partner; Glen Chwatt, a
General Partner, Plaintiffs-Appellees,
v.
T & M KERSHISNIK INVESTMENT CO.; John R. Kershisnik;
Eileen C. Kershisnik; Thomas J. Kershisnik; Mary
J. Kershisnik, Defendants-Appellants.
John R. KERSHISNIK; Eileen C. Kershisnik, Counter-Claimants,
v.
Richard CHWATT; Glen Chwatt, Counterclaim-Defendants.
ROCK SPRINGS ASSOC., a New York General Partnership;
Richard Chwatt, a General Partner; Glen Chwatt,
General Partner, Plaintiffs-Appellants,
v.
T & M KERSHISNIK INVESTMENT CO.; John R. Kershisnik;
Eileen C. Kershisnik; Thomas J. Kershisnik; Mary
J. Kershisnik, Defendants-Appellees.
John R. KERSHISNIK; Eileen C. Kershisnik, Counter-Claimants,
v.
ROCK SPRINGS ASSOC.; Richard Chwatt; Glen Chwatt,
Counterclaim-Defendants.
 Nos. 92-4003, 92-4005.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Defendants T & M Kershisnik Investment Company, and Thomas, Mary, John, and Eileen Kershisnik (the lessors) appeal from the entry of summary judgment in favor of plaintiffs Rock Springs Associates and Richard and Glen Chwatt (the lessees), in this dispute over the proper interpretation of a lease executed between the parties. The lessees cross-appeal the district court's order denying their request for prejudgment interest and attorney's fees. We affirm the liability determination of the district court, but reverse the denial of prejudgment interest and attorney's fees and remand for further consideration of those issues.
 
 Appeal No. 92-4003
 
 2
 These parties are the lessors and lessees, respectively, on a series of ground leases executed to cover real property in Rock Springs, Wyoming. All the leases were created in conjunction with the construction of a shopping center on the premises. The three leases, which contain substantially the same language, were executed in the 1970s. They cover four different parcels in the shopping center complex. The pertinent contracts are designated as lease AB, lease C, and lease D. We refer to them collectively as the ground leases.
 
 
 3
 These leases require lessees to pay to lessors a percentage rent, above and beyond the fixed rent found in the leases, based on the amount of rent they receive from sublessees. This payment is designated as "overage rent." Specifically, lease AB states:
 
 
 4
 [i]t is understood between the Lessors and the Lessee that the Lessee intends to sublet the premises to various sublessees and that the Lessee will attempt to negotiate with sublessees in such a manner that they will pay Lessee a fixed rent plus a percentage on gross profits, gross sales or some other type of overage rent payment. It is agreed that Lessee will pay over to the Lessors twelve percent (12%) of all bonuses, overages collected or percentage rent paid over a fixed rent received by the Lessee from sublessees or tenants.
 
 
 5
 Appellants' App. Ex. A at 3.[1] The other ground leases contain similar language.
 
 
 6
 For many years, lessees calculated their overage rent payment using the net amount of overage rent they received from the sublessees as a base. They subtracted amounts the sublessees paid in insurance, taxes, and common area maintenance prior to calculating profits. This was done pursuant to language in the subleases. For example, lessees' written sublease with Albertson's grocery store states:
 
 
 7
 [r]ent shall consist of a minimum annual rental ... and a percentage rent in the amount by which One and one-half percent (1 1/2 %) of Gross Sales in each Fiscal Year exceeds an amount which is the sum of the minimum annual rent for that Fiscal Year and the sums paid by Tenant under Article 7 (Common Area Maintenance), Article 8 (Taxes) and Article 15 (Damage by Casualty).
 
 
 8
 Appellees' App. at 138. Likewise, a clause in lessees' sublease with Thrifty Drugstore allows overage rent to be calculated based on a formula allowing subtraction of insurance payments, property taxes, and common area expenses. Id. at 200.
 
 
 9
 Lessors approved these formulas through their recognition of the subleases as a whole. They signed attornment agreements with Discount Drugstores (Thrifty's) and Albertson's which acknowledge the validity of the subleases. See id. at 155, 167, 205-06. The Albertson's attornment agreement, as well as ground leases C and D, also contains a specific provision stating that in the event of conflicts with the main ground lease, the sublease will control. See id. at 167, 106, 129.[2]
 
 
 10
 In 1988, lessors informed lessees they were calculating overage rent under an improper formula. They asserted that the ground leases required overage rent payments based on gross profits, unaffected by insurance payments, property taxes, or maintenance costs. In the spring of 1989, lessors demanded lessees make up the difference owed. Lessees paid approximately $77,000 under protest, then brought this action.
 
 
 11
 This is a contractual dispute. Consequently, the usual rules of contract interpretation apply. See Automatic Gas Distribs., Inc. v. State Bank, 817 P.2d 441, 442 (Wyo.1991) (leases are contractual in nature). The district court determined that neither the ground leases nor the subleases are ambiguous. The court found no genuine issues of material fact precluding summary judgment, and, therefore, enforced the leases according to their plain meaning, in favor of lessees. See Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We review that determination de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 12
 " 'If the language of the contract is plain and unequivocal that language is controlling and the interpretation of the contractual provisions is for the court to make as a matter of law.' " Automatic Gas Distribs., 817 P.2d at 442 (quoting Shepard v. Top Hat Land & Cattle Co., 560 P.2d 730, 732 (Wyo.1977)). This comports with the general rule that when parties agree to contract terms, those terms will control if they are plainly stated in the agreement. See Colorado Interstate Gas Co. v. Natural Gas Pipeline Co., No. 91-151, 1992 WL 354896, at * 2 (Wyo. Dec. 3, 1992). Furthermore, the parties' disagreement over the meaning of language in the contract is not dispositive of the existence of ambiguity. Berger v. Teton Shadows Inc., 820 P.2d 176, 176-77 (Wyo.1991). Rather, the court must interpret the language in the contract according to its common and ordinary meaning. See State ex rel. Farmers Ins. Exch. v. District Court, No. 92-80, 1993 WL 2009, at * 2 (Wyo. Jan. 8, 1993).
 
 
 13
 The ground leases contain language urging the lessees to negotiate subleases which require the payment of overage rent based on gross profits. Appellees' App. at 61. They also contain language stating the intent of the parties that the lessors receive rents "free from all taxes, expenses, charges, damages and deductions." Id. at 62. In contrast, the subleases allow calculation of overage rent based on profits determined after the payment of taxes, insurance, and maintenance. The ground leases and attornment agreements state, however, that the terms of the sublease will control in the event of a conflict. Because the subleases control, the lessees' actions were appropriate. The district court correctly granted summary judgment.
 
 Appeal No. 92-4005
 
 14
 Lessees maintain they are entitled to prejudgment interest and attorney's fees. The district court denied these requests without explanation in its judgment on the liability issue. Because we hold that Wyoming law supports lessees' argument, we reverse the district court and remand for a determination of the proper amounts to award in both prejudgment interest and attorney's fees.
 
 
 15
 Each of the ground leases at issue contains a provision allowing for attorney's fees in the event of litigation under the contract. The relevant clause states:
 
 
 16
 In the event of any suit instituted by either party against the other in any way connected with this Lease or for recovery of possession of the premises, the successful party to any such action shall recover from the other a reasonable attorney's fee, which fee is to be fixed by the Court.
 
 
 17
 Appellees' App. at 71, 107, 131. This clause is enforceable under Wyoming law. See Stanbury v. Larsen, 803 P.2d 349, 355 (Wyo.1990). The district court erred in failing to enforce it here. Consequently, the case must be remanded for the district court's consideration of the proper amount of attorney's fees to award.
 
 
 18
 Prejudgment interest is allowed under Wyoming law on liquidated claims. Rissler & McMurry Co. v. Atlantic Richfield Co., 559 P.2d 25, 31 (Wyo.1977). A claim is liquidated for purposes of this rule if it is "readily computable by simple mathematical computation." Id. A liability controversy, in and of itself, does not make a claim unliquidated. Bueno v. CF & I Steel Corp., 773 P.2d 937, 940 (Wyo.1989). The amount remains liquidated if it can be determined from the contractual agreement. Id.
 
 
 19
 The vast majority of the damages awarded to lessees in this case were very easily identified as those amounts paid under protest. The remainder were stipulated following the entry of summary judgment, and were determinable based on the formulas provided in the contract. The heated debate between these parties with respect to what was owed, and to whom, is not dispositive here. Because the damages were easily calculated from the parties' agreements, the claim is a liquidated sum. Consequently, prejudgment interest should be awarded.
 
 
 20
 The judgment of the United States District Court for the District of Utah is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The twelve percent figure was later amended to thirty-five percent. See id. at Ex. B
 
 
 [2]
 Albertson's and Thrifty Drugstores are the main tenants of the AB ground lease