STATE of Wyoming, ex rel., FARMERS INSURANCE EXCHANGE, and Farmers Insurance Exchange, individually, Petitioners,

v.

DISTRICT COURT of the NINTH JUDICIAL DISTRICT, COUNTY OF TETON, State of Wyoming and the Honorable Terry Rogers, Judge of the District Court of the Ninth Judicial District, Respondents,

v.

Barbara SHIRLEY and Darol Shirley, Intervenors, (Plaintiffs Below).

No. 92-80.

Supreme Court of Wyoming.

Jan. 8, 1993.

George E. Powers, Jr. of Godfrey & Sundahl, Cheyenne, for petitioners.

D. Terry Rogers, Dist. Judge, Jackson, for respondents.

William R. Fix of Fix & Mulligan, and Robert N. Williams of Meyer & Williams, Jackson, for intervenors.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

MACY, Chief Justice.

Upon issuance of a writ of certiorari, we review a partial summary judgment construing the uninsured/underinsured provisions of an insurance policy.

We reverse with directions.

The petitioners state this issue:

I. Does the policy of insurance at issue herein provide uninsured or underinsured motorist coverage for the bodily injury claims of the insured, where the insured has been injured by a third party tortfeasor, who was insured at the time of the loss and whose insurer provided bodily injury liability coverage in an amount equal to the uninsured/underinsured limits of coverage provided by the insurance policy at issue?

In response, the respondents and the intervenors state these issues:

I. Is the language contained in the subject insurance policy ambiguous?

II. What is the nature of the coverage afforded by the subject insurance policy?

III. Should the doctrine of reasonable expectations be applied to afford underinsured motorist coverage?

The Farmers Insurance policy issued to Intervenors Barbara Shirley and Darol Shirley contained this provision, which is the centerpiece of this controversy:

**PART II—UNINSURED MOTORIST**

**Coverage C—Uninsured Motorist Coverage (including Underinsured Motorist Coverage)**

We will pay all sums which an **insured person** is legally entitled to recover as **damages** from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by the **insured person**. The **bodily injury** must be caused by accident and arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

Determination as to whether an **insured person** is legally entitled to recover **damages** or the amount of **damages** shall be made by agreement between the **insured person** and us. If no agreement is reached, with the insured person's consent the decision may be made by arbitration.

**Additional Definitions Used In This Part Only**

As used in this part:

1. **Insured person** means:

   a. You or a **family member.**

   b. Any other person while **occupying your insured car.**

   c. Any person for **damages** that person is entitled to recover because of **bodily injury** to you, a **family member,** or another occupant of **your insured car.**

But, no person shall be considered an **insured person** if the person uses a vehicle without having sufficient reason to believe that the use is with permission of the owner.

2. **Motor vehicle** means a land motor vehicle or a trailer but does not mean a vehicle:

a. Operated on rails or crawler-treads.

b. Which is a farm type tractor, or any equipment designed or modified for use principally off public roads while not on public roads.

c. Located for use as a residence or premises.

3. **Uninsured motor vehicle** means a **motor vehicle** which is:

a. Not insured by a **bodily injury** liability bond or policy at the time of the **accident.**

b. Insured by a **bodily injury** liability bond or policy at the time of the **accident** which provides coverage in amounts less than the limits of Uninsured Motorist Coverage shown in the Declarations.

The Declarations showed the uninsured motorist coverage limitations to be: $100,000 each person, $300,000 each occurrence. The bodily injury limits were in the same amounts.

Barbara Shirley sustained severe injuries on October 9, 1989, as the result of an automobile accident. On August 17, 1990, she and her husband, Darol Shirley, filed a complaint seeking, among other things, to require Farmers Insurance Exchange to pay over to them the $100,000 limits of their policy as required by the terms of the uninsured motorist provisions recited above. However, on August 3, 1990, the Shirleys received $100,000 as a settlement from State Farm Mutual Automobile Insurance Company, the insurer representing the driver who caused Barbara's injuries. The parties stipulated that the limits of the Shirleys' policy with Farmers Insurance and the limits of the State Farm policy were identical.

Farmers Insurance filed a motion for a partial summary judgment, seeking a ruling that it had no obligation under the uninsured motorist provision of its policy to pay additional sums as damages to the Shirleys. The district court denied that motion but granted a summary judgment in favor of the Shirleys to the effect that Farmers Insurance was obligated to pay for Barbara's total damages up to the "coverage amount limitation provided by the policy for 'uninsured motorist coverage (including underinsured motorist coverage)' in the amount of $100,000.00." Farmers Insurance sought a W.R.C.P. 54(b) certification of the order granting summary judgment, but the district court refused to make that certification.

Farmers Insurance sought extraordinary relief here, and by an order dated May 11, 1992, we stayed further proceedings in this case and issued an Alternative Writ of Mandamus. By an order entered on June 16, 1992, this Court issued a Writ of Certiorari, directing that the record in this matter be forwarded to this Court; stayed the proceedings in the district court; and stayed further implementation of the Alternative Writ of Mandamus.

We employ our usual standards in evaluating this summary judgment order. *St. Paul Fire and Marine Insurance Co. v. Albany County School District No. 1,* 763 P.2d 1255, 1257–58 (Wyo.1988). The standards we apply in construing insurance contracts have been conveniently summarized as follows:

Basic tenets stated in *McKay v. Equitable Life Assurance Society of the United States,* [421 P.2d 166, 168 (Wyo. 1966)], and applied in controversies involving insurance policies in the State of Wyoming are:

1. "[T]he words used will be given their common and ordinary meaning.... Neither will the language be 'tortured' in order to create an ambiguity."

2. "The intention of the parties is the primary consideration and is to be ascertained, if possible, from the language employed in the policy, viewed in the light of what the parties must reasonably have intended."

3. "Such [insurance policy] contracts should not be so strictly construed as to thwart the general object of the insurance."

"... [T]he parties have the right to employ whatever lawful terms they wish and courts will not rewrite them."

4. "Absent ambiguity, there is no room for construction and the policy will be enforced according to its terms."

5. "... [W]here such [insurance policy] contracts are so drawn as to be ambiguous and uncertain and to require construction, the contract will be construed liberally in favor of the insured and strictly against the insurer. Also, if the contract is fairly susceptible of two constructions, the one favorable to the insured will be adopted."

*Commercial Union Insurance Company v. Stamper*, 732 P.2d 534, 539 (Wyo.1987) (citations omitted). *See also Northern Improvement Company v. Wyoming State Highway Commission*, 802 P.2d 889 (Wyo. 1990).

 If an insurance contract's language is plain and unequivocal, we apply our usual rule that interpretation of the contract is a question for the court to resolve as a matter of law. *Ricci v. New Hampshire Insurance Company*, 721 P.2d 1081, 1085 (Wyo.1986). A primary objective of interpreting an insurance contract is to ascertain the parties' objectives and to ascribe the plain, ordinary, and customary meaning to each term used in order to effectuate the parties' intent. *Northern Improvement Company*, 802 P.2d at 892; *Worthington v. State*, 598 P.2d 796, 806 (Wyo.1979).

We perceive no ambiguity in the insurance contract at issue. The policy is clear on its face that the insured person is protected in the event that he sustains bodily injury damages caused by an accident involving an uninsured or underinsured motorist. The tort-feasor in this instance was insured with policy limits of $100,000. The motorist was not "uninsured," and, since the tort-feasor's policy limits were the same as those in the Shirleys' policy, the motorist was not "underinsured." Thus, Farmers Insurance has no contractual obligation to the Shirleys under the policy's uninsured motorist provision and is entitled to judgment as a matter of law.

The respondents and the intervenors ask that we employ the doctrine of "reasonable expectations." We have previously held that the doctrine is not applicable when the insurance contract is not ambiguous. *St. Paul Fire and Marine Insurance Co.*, 763 P.2d at 1262–63.

Our holding gives full force and effect to the insurance contract itself, as well as to the intendment of such insurance policy provisions. Wyo.Stat. §§ 31–10–101 to – 104 (1989); 8C JOHN ALAN APPLEMAN & JEAN APPLEMAN, INSURANCE LAW AND PRACTICE, Preface & §§ 5066–5067.65, *esp.* § 5067.45 (1981).

The district court's order is reversed with directions that a partial summary judgment be entered in favor of Farmers Insurance consistent with this opinion. The Alternative Writ of Mandamus is dissolved, and the matter is remanded to the district court for further proceedings.

URBIGKIT, J., concurs in the result only.